IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara Rogers, a/k/a Barbara Hannah Rogers,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Bank National Association; Select Portfolio Servicing, Inc.; Caliber Home Loans, Inc.; Florence County; Florence County Common Pleas Court; and Robert E. Lee,<br><br>Defendants. | C/A No.: 4:25-cv-12274-SAL<br><br><br>**ORDER** |

Plaintiff Barbara Rogers, proceeding *pro se*, filed this action against Defendants alleging various causes of action related to a foreclosure. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(D.S.C.), recommending this case be dismissed without prejudice and without issuance and service of process. [ECF No. 18.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. *Id.* at 7. Rather than file objections, Plaintiff filed 80 pages of documents that appear related to the allegations in her Complaint and the foreclosure of her property. [ECF No. 21.] This matter is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report details the relevant facts and standards of law, which the court adopts without a recitation. *See* ECF No. 18 at 1–6. Briefly, Plaintiff alleges breach of contract and other claims against the Defendants. *See* ECF No. 1. She submits this court has diversity jurisdiction in this

1

case, but she also generally alleges violations of her constitutional rights, and she cites the Federal Truth in Lending Act. *See id.* These claims all appear related to the foreclosure of her home.

The Report recommends this case be summarily dismissed for lack of jurisdiction and other pleading deficiencies. [ECF No. 18.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As stated above, the documents Plaintiff filed in response to the Report do not directly address the Report—instead, they relate to her foreclosure or consist of complaints Plaintiff has made to state and federal entities regarding the same issues she raises here. To the extent the documents filed by Plaintiff serve as objections to the Report, such objections do not require de novo review. *See Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, and objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).

Some of these same documents were attached to Plaintiff's Complaint. At most, these documents can be broadly construed as reassertions of the claims in the Complaint. But, as explained in the Report, the court lacks subject matter jurisdiction over this case. The parties are not diverse, so this court does not have diversity jurisdiction. *See* ECF No. 18 at 5. Nor is there federal question jurisdiction. The Report explains Plaintiff has failed to allege sufficient facts to state a claim under 42 U.S.C. § 1983, and, in any event, many of the named defendants are not subject to suit under § 1983. *See* ECF No. 18 at 5–6. Further, while Plaintiff references the Truth

in Lending Act, the facts alleged in the Complaint do not implicate the provisions of that Act.[1] *See id.* at 6. Accordingly, the court must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To the extent Plaintiff's filed documents serve as objections, her objections are overruled.

## CONCLUSION

Accordingly, after reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 18, and incorporates the Report by reference herein. As a result, this matter is **DISMISSED WITHOUT PREJUDICE and without issuance and service of process**.

**IT IS SO ORDERED.**

November 10, 2025              Sherri A. Lydon
Columbia, South Carolina       United States District Judge

---

[1] Plaintiff has previously brought a suit against some of these same Defendants. *See Rogers v. US Bank Nat'l Assoc.*, 4:24-cv-4811-SAL. There, too, the court lacked subject matter jurisdiction and dismissed Plaintiff's complaint. *See Rogers v. US Bank Nat'l*, 4:24-cv-4811-SAL, ECF No. 19.